UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FRED FLAND** | **CIVIL ACTION** |
| **VERSUS** | **NO: 08-4137** |
| **BOBBY CROWE, ET AL.** | **SECTION: "B" (4)** |

## PARTIAL REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary and to submit Proposed Findings and Recommendations for disposition pursuant to **Title 28 U.S.C. § 636(1)(B) and (C), § 1915(e)(2), and § 1915A**, and as applicable, **Title 42 U.S.C. § 1997e(c)(1) and (2)**.

### I. Factual and Procedural Background

The Plaintiff, Fred Fland ("Fland"), filed a Complaint *pro se* and *in forma pauperis* pursuant to Title 42 U.S.C. § 1983 claiming that his constitutional rights are being violated every day that he remains at the Washington Parish Jail rather than being transferred to the East Feliciana Forensic Hospital. In connection with his suit, Fland has named as Defendants Assistant Warden Wally Cummings, Forensic Coordinator Susan Johannsen, Deputy Sam Ashley, Sheriff Bobby Crowe, and Warden Demille Topps.

The Complaint was filed on July 22, 2008.[1] However, defendant Johannsen was not served within 120 days as required by Fed. R. Civ. P. 4(m). Her summons was returned as unexecuted with the notation that the address provided for defendant Johannsen "does not exist". (Rec. Doc. No. 7).

Because Fland failed to serve Johannsen within the 120 days as required by the Federal Rules, this Court issued an Order directing Fland to show cause why his claims against the above defendants should not be dismissed for failure to comply with the mandates of Fed. R. Civ. P. 4(m). (*See* Rec. Doc. No. 10). Fland has not responded to the Court's Order.

## II. Recommendation

Accordingly,

It is hereby **RECOMMENDED** that Fred Fland's claims against Defendant Susan Johannsen be **DISMISSED WITHOUT PREJUDICE** for failure to comply with Fed. R. Civ. P. 4(m).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 18th day of March, 2009

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] Rec. doc. 1. In the *pro se* prisoner context, the date when prison officials receive the complaint for delivery to the court is considered the time of filing for limitations purposes. *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995); *see also Thompson v. Raspberry*, 993 F.2d 513, 515 (5th Cir. 1993) (*pro se* prisoner's objection to a report and recommendation deemed filed when given to prison officials for mailing). In this case, the Clerk of Court filed Fland's complaint on August 12, 2008, when the pauper application was granted. Fland signed his complaint on July 22, 2008. This is the earliest date on which he could have delivered the complaint to prison officials for mailing.