UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FRED FLAND** | **CIVIL ACTION** |
| **VERSUS** | **NO. 08-4137** |
| **SHERIFF BOBBY CROWE, ET AL** | **SECTION "B"(4)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2) and § 1915A**, and as applicable, **Title 42 U.S.C. § 1997e(c)(1) and (2)**. Upon review of the record, the Court determined that this matter can be disposed of without an Evidentiary Hearing.

### I. Factual Summary

The plaintiff, Fred Fland ("Fland"), filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 claiming that his constitutional rights were being violated each that he
was housed in the Washington Parish Jail rather than being transferred to the East Feliciana Forensic Facility. Fland named as defendants Assistant Warden Wally Cummings, Forensic Coordinator Susan Johannsen, Deputy Sam Ashley, Sheriff Robert Crowe, and Warden Demille Topps.

## II. Procedural Background

Upon the recommendation of the undersigned Magistrate Judge, the claims against Susan Johannsen were dismissed without prejudice on April 3, 2009, because of the plaintiff's failure to timely serve her under Fed. R. Civ. P. 4(m).[1] The Court set a scheduling conference for June 25, 2009.[2] Prior to the conference, the Court was notified by Washington Parish Jail officials that Fland had been released from jail.[3]

The Court reset the scheduling conference for 1:30 p.m. on July 9, 2009, and had its prior orders remailed to Fland at the address provided by the jail, 20706 Lucious Pittman Road, Bogalusa, Louisiana, 70427-8851.[4] The Court also ordered Fland to provide a telephone number where he could be reached to participate in the conference. Fland timely provided the Court with a telephone number in a letter bearing his the same Bogalusa address provided by the jail.[5]

However, at 1:30 p.m. on July 9, 2009, the Court attempted to contact Fland at the telephone number he provided and reached a recording.[6] The recorded message was: "*The number you are trying to call is not reachable PPS6180*" and the line was disconnected.[7] The Court again reset the

---

[1]Rec. Doc. Nos. 11, 12.

[2]Rec. Doc. No. 14.

[3]Rec. Doc. No. 15.

[4]Rec. Doc. No. 15.

[5]Rec. Doc. No. 16.

[6]Rec. Doc. No. 17.

[7]*Id*.

conference for July 21, 2009, and ordered Fland to provide the Court with a correct telephone number.[8]

The Order directing this was mailed to Fland by the Clerk of Court at his address of record in Bogalusa. The envelope was not returned as undeliverable. Fland did not respond to the Court's order or otherwise contact the Court to provide a working telephone number.

On August 17, 2009, the Court issued a Rule to Show Cause in writing on or before September 8, 2009, why his case should not be dismissed with prejudice for failure to prosecute and for failure to inform the Court of contact information.[9] The Order was mailed by the Clerk of Court to Fland at his address of record in Bogalusa. The envelope was not returned as undeliverable. Fland has not responded to the Court's order or otherwise contacted the Court about his case.

## III. Analysis

Rule 41(b) of the Federal Rules of Civil Procedure specifically provides that a court may, in its discretion, dismiss a plaintiff's claim for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court. A Rule 41(b) dismissal is considered an adjudication on the merits. Fed.R.Civ.P. 41(b). In determining whether to dismiss a claim, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, has been responsible for any delay or failure to comply with a rule or order. *See, e.g.*, *Silas v. Sears, Roebuck & Co.*, 586 F.2d 382 (5th Cir. 1978); *Ramsay v. Bailey*, 531 F.2d 706 (5th Cir. 1976). In this case, the plaintiff is without counsel and is responsible for the prosecution of his case.

---

[8] *Id.*

[9] Rec. Doc. No. 18.

3

The record shows that the Court's prior orders were mailed to Fland at his most current address known to the Court, and the envelopes containing those orders have not been returned as undeliverable. In spite of this, Fland has failed to respond to those orders or to provide the Court with his current contact information as required by L.R. 11.1E. Fland also was made aware of his obligation to keep the Court informed of his whereabouts as reflected on page six of his Complaint (Rec. Doc. No. 1), where he signed the Plaintiff's Declaration on July 22, 2008.

Contrary to these mandates, Fland has not notified the Court of his current contact information, and he has not complied with the prior orders of the Court to do so. In fact, the record demonstrates that Fland did not provided notice to the Court of his discharge from jail. The only change of address was obtained by the Court from Washington Parish Jail officials. Fland has not complied with the Court's orders or taken any effort to prosecute this case. The Court has given Fland ample time and opportunity to do so. Accordingly, dismissal of Fland's complaint against the remaining defendants is proper under Fed. R. Civ. P. 41(b) and the rules of this Court for his failure to prosecute this case.

## IV. Recommendation

It is therefore **RECOMMENDED** that Fred Fland's complaint pursuant to 42 U.S.C. § 1983 against the defendants, Assistant Warden Wally Cummings, Deputy Sam Ashley, Sheriff Robert Crowe, and Warden Demille Topps, be **DISMISSED WITH PREJUDICE** under Fed. R. Civ. P. 41(b) for the plaintiff's failure to prosecute.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on

appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[10]

           New Orleans, Louisiana, this 18th day of March, 2010.

                      **KAREN WELLS ROBY**
                  **UNITED STATES MAGISTRATE JUDGE**

---

[10]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.